IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RIGHTNOW TECHNOLOGIES, INC.,**

    **Plaintiff,**

v.                                                    Case No. 11-cv-737

**LODSYS, LLC,**

    **Defendant.**

**COMPLAINT FOR DECLARATORY JUDGMENT**
**(JURY TRIAL DEMANDED)**

Plaintiff RightNow Technologies, Inc. ("RNT") hereby alleges for its Complaint for Declaratory Judgment against Defendant Lodsys, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment that RNT, its products and services do not infringe any valid claim of U.S. Patent No. 5,999,908 ("the '908 patent"), U.S. Patent No. 7,133,834 ("the '834 patent"), U.S. Patent No. 7,222,078 ("the '078 patent") and U.S. Patent No. 7,620,565 ("the '565 patent") (collectively the "Asserted Patents"), and for declaratory judgment that the claims of each of the Asserted Patents are invalid.

2. A true and correct copy of the '908 patent is attached hereto as Exhibit A.

3. A true and correct copy of the '834 patent is attached hereto as Exhibit B.

4. A true and correct copy of the '078 patent is attached hereto as Exhibit C.

5. A true and correct copy of the '565 patent is attached hereto as Exhibit D.

## THE PARTIES

6.     Plaintiff RNT is a Montana corporation having a place of business at 136 Enterprise Boulevard, Bozeman, Montana 59718.

7.     On information and belief, Lodsys is a Texas limited liability company and claims to have a place of business at 505 East Travis Street, Suite 207, Marshall, Texas 75670. The Texas Secretary of State lists the corporate address of Lodsys, LLC as 800 Brazos, Suite 400, Austin, Texas 78701.

8.     On information and belief, Mark Small is the Chief Executive Office of Lodsys, LLC, is Lodsys's sole employee, and conducts that company's business from an office located in Oconomowoc, Wisconsin, within this judicial district.

## JURISDICTION AND VENUE

9.     This action arises under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

10.     This action is filed to resolve an actual and justiciable controversy between the parties hereto. Defendant's conduct towards RNT's customers establishes that a real and substantial dispute exists between the parties regarding Defendant's allegations that RNT's products and/or services infringe apparatus, method and system claims of the '908 patent, the '834 patent, the '078 patent and/or the '565 patent. This dispute is both definite and concrete.

As set forth in succeeding paragraphs herein, there is a conflict of asserted rights among the parties and an actual controversy exists between RNT and the Defendant with respect to the alleged infringement, validity and scope of the '908 patent, the '834 patent, the '078 patent and the '565 patent.

11. Upon information and belief, this Court has personal jurisdiction over Defendant because Mr. Small is located within, and conducts Defendant's business, from his location within this judicial district, in connection with its conduct in wrongfully asserting the Asserted Patents against RNT customers.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400.

**ALLEGATIONS SUPPORTING DECLARATORY JUDGMENT JURISDICTION**

13. RNT realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 12.

14. Through communications and conduct, Defendant has repeatedly threatened assertion of the '908, the '834, the '708 and/or the '565 patents against RNT's Live Assistance Customer Help Chat software as hosted online by RNT for it's customers.

15. On or about March 22, 2011, Defendant sent a letter to RNT customer Bass Pro Online, Inc., ("Bass Pro") alleging that Bass Pro, "is infringing at least Claim 1 of U.S. 7,620,565 and Claim 1 of U.S. 7,222,078 as it relates to your product's provision of online help, customer, or technical support for online chat help and similar products." The March 22, 2011 letter also offered a license to Bass Pro under "the Lodsys patents," which was defined as including the '908, the '834, the '078 and the '565 patents. A copy of the March 22 letter is included hereto as attached Exhibit E.

16. Defendant has provided Bass Pro with an "infringement claim chart" for Claim 1 of U.S. Patent 7,222,078, in which Defendant alleges that Bass Pro's Live Assistance offered through Basspro.custhelp.com infringes Claim 1 of the '078 patent. A copy of the "infringement claim chart" is attached hereto as Exhibit F.

17. Defendant has written essentially the same letter and provided similar claims charts to other RNT customers alleging infringement of and soliciting licensing fees for one or more claims of the '908, the '834, the '078 and the '565 patents.

18. In the case of Bass Pro and at least some other RNT customers, RNT is obligated to indemnify these customers against the demands of Lodsys. A redacted copy of RNT's services agreement is attached hereto as Exhibit G.

19. Defendant's conduct creates a real, substantial controversy between parties having adverse legal interests, under all the circumstances, that is definite and concrete and of sufficient immediacy to admit to specific relief through a decree of conclusive character and warrant the issuance of a declaratory judgment.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement of the '908 Patent)**

20. RNT realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19.

21. Based on the above-stated conduct, RNT is informed and believes that the Defendant contends that maintenance of RNT's Live Assistance Chat Customer Help service infringes one or more claims of the '908 patent.

22. Accordingly, an actual controversy exists between RNT and the Defendant as to whether or not RNT and/or its customers have infringed, or are infringing the '908 patent; have

contributed to infringement or are contributing to infringement of the '908 patent; and/or have induced infringement or are inducing infringement of the '908 patent.

23. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., RNT is entitled to a declaration in the form of a judgment that by its activities, RNT and/or its customers have not infringed and are not infringing any valid and enforceable claim of the '908 patent; have not contributed to infringement and are not contributing to infringement of the '908 patent; and/or have not induced infringement and are not inducing infringement of the '908 patent. Such a determination and declaration is necessary and appropriate at this time.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement of the '834 Patent)**

24. RNT realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 23.

25. Based on the above-stated conduct, RNT is informed and believes that the Defendant contends that maintenance of RNT's Live Assistance Chat Customer Help service infringes one or more claims of the '834 patent.

26. Accordingly, an actual controversy exists between RNT and the Defendant as to whether or not RNT and/or its customers have infringed, or are infringing the '834 patent; have contributed to infringement or are contributing to infringement of the '834 patent; and/or have induced infringement or are inducing infringement of the '834 patent.

27. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., RNT is entitled to a declaration in the form of a judgment that by its activities, RNT and/or its customers have not infringed and are not infringing any valid and

enforceable claim of the '834 patent; have not contributed to infringement and are not contributing to infringement of the '834 patent; and/or have not induced infringement and are not inducing infringement of the '834 patent. Such a determination and declaration is necessary and appropriate at this time.

### THIRD CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '078 Patent)**

28. RNT realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 27.

29. Based on the above-stated conduct, RNT is informed and believes that the Defendant contends that maintenance of RNT's Live Assistance Chat Customer Help service infringes one or more claims of the '078 patent.

30. Accordingly, an actual controversy exists between RNT and the Defendant as to whether or not RNT and/or its customers have infringed, or are infringing the '078 patent; have contributed to infringement or are contributing to infringement of the '078 patent; and/or have induced infringement or are inducing infringement of the '078 patent.

31. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., RNT is entitled to a declaration in the form of a judgment that by its activities, RNT and/or its customers have not infringed and are not infringing any valid and enforceable claim of the '078 patent; have not contributed to infringement and are not contributing to infringement of the '078 patent; and/or have not induced infringement and are not inducing infringement of the '078 patent. Such a determination and declaration is necessary and appropriate at this time.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '565 Patent)

32. RNT realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 31.

33. Based on the above-stated conduct, RNT is informed and believes that the Defendant contends that maintenance of RNT's Live Assistance Chat Customer Help service infringes one or more claims of the '565 patent.

34. Accordingly, an actual controversy exists between RNT and the Defendant as to whether or not RNT and/or its customers have infringed, or are infringing the '565 patent; have contributed to infringement or are contributing to infringement of the '565 patent; and/or have induced infringement or are inducing infringement of the '565 patent.

35. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., RNT is entitled to a declaration in the form of a judgment that by its activities, RNT and/or its customers have not infringed and are not infringing any valid and enforceable claim of the '565 patent; have not contributed to infringement and are not contributing to infringement of the '565 patent; and/or have not induced infringement and are not inducing infringement of the '565 patent. Such a determination and declaration is necessary and appropriate at this time.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '908 Patent)

36. RNT realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 35.

37. Based upon the above-stated conduct, RNT is informed and believes that the Defendant contends that maintenance of RNT's Live Assistance Chat Customer Help service infringes one or more claims of the '908 patent.

38. RNT denies that RNT and/or its customers infringe any valid enforceable claim of the '908 patent and state that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103 and 112.

39. Accordingly, an actual controversy exists between RNT and the Defendant as to the validity of the '908 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., RNT is entitled to a declaration in the form of a judgment that the claims of the '908 patent are invalid. Such a determination and declaration is necessary and appropriate at this time.

## SIXTH CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '834 Patent)**

40. RNT realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 39.

41. Based upon the above-stated conduct, RNT is informed and believes that the Defendant contends that maintenance of RNT's Live Assistance Chat Customer Help service infringes one or more claims of the '834 patent.

42. RNT denies that RNT and/or its customers infringe any valid enforceable claim of the '834 patent and state that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and

claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103 and 112.

43. Accordingly, an actual controversy exists between RNT and the Defendant as to the validity of the '834 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., RNT is entitled to a declaration in the form of a judgment that the claims of the '834 patent are invalid. Such a determination and declaration is necessary and appropriate at this time.

**SEVENTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of the '078 Patent)**

44. RNT realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 43.

45. Based upon the above-stated conduct, RNT is informed and believes that the Defendant contends that maintenance of RNT's Live Assistance Chat Customer Help service infringes one or more claims of the '078 patent.

46. RNT denies that RNT and/or its customers infringe any valid enforceable claim of the '078 patent and state that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103 and 112.

47. Accordingly, an actual controversy exists between RNT and the Defendant as to the validity of the '078 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., RNT is entitled to a declaration in the form of a

SLC-6418802-1
9
Case 2:11-cv-00737-CNC    Filed 08/04/11    Page 9 of 13    Document 1

judgment that the claims of the '078 patent are invalid. Such a determination and declaration is necessary and appropriate at this time.

### EIGHTH CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '565 Patent)**

48. RNT realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 47.

49. Based upon the above-stated conduct, RNT is informed and believes that the Defendant contends that maintenance of RNT's Live Assistance Chat Customer Help service infringes one or more claims of the '565 patent.

50. RNT denies that RNT and/or its customers infringe any valid enforceable claim of the '565 patent and state that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103 and 112.

51. Accordingly, an actual controversy exists between RNT and the Defendant as to the validity of the '565 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., RNT is entitled to a declaration in the form of a judgment that the claims of the '565 patent are invalid. Such a determination and declaration is necessary and appropriate at this time.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff RNT prays for a judgment as follows:

1. For a declaration that its products and services do not infringe any valid claim of the '908 patent;

2. For a declaration that assertions of infringement under the '908 patent cannot be maintained consistently as statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103 and 112;

3. For a declaration that the claims of the '908 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112;

4. For a declaration that its products and services do not infringe any valid claim of the '834 patent;

5. For a declaration that assertions of infringement under the '834 patent cannot be maintained consistently as statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103 and 112;

6. For a declaration that the claims of the '834 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112;

7. For a declaration that its products and services do not infringe any valid claim of the '078 patent;

8. For a declaration that assertions of infringement under the '078 patent cannot be maintained consistently as statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103 and 112;

9. For a declaration that the claims of the '078 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112;

10. For a declaration that its products and services do not infringe any valid claim of the '565 patent;

11. For a declaration that assertions of infringement under the '565 patent cannot be maintained consistently as statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103 and 112;

12. For a declaration that the claims of the '565 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112;

13. For a preliminary and permanent injunction enjoining and restraining Defendant and its representatives, officers, partners, employees, agents, parents, subsidiaries or anyone in privity with them and all persons acting in concert with them and each of them:

   a. From making any claims to any personal entity that any product of RNT infringes the '908 patent, the '834 patent, the '078 patent and/or the '565 patent;

   b. From interfering with or threatening to interfere with the manufacture, sale or use of any RNT products or services by RNT, its customers, distributors, predecessors, successors or assigns; and

   c. From instituting or prosecuting any lawsuit or pursuing, placing in issue any right of RNT, its customers, distributors, predecessors, successor or assigns to make, use or sell products or services which allegedly infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent;

14. For an award to RNT of its reasonable attorney's fees and costs of suit incurred herein; and

15. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.


Dated: August 4, 2011                                  Respectfully Submitted,


                                         By:   */s/* Michael J. Hanrahan
                                              Michael J. Hanrahan
                                              mjhanrahan@foslaw.com
                                              Fox, O'Neill & Shannon, S.C.
                                              622 North Water Street, #500
                                              Milwaukee, WI 53202
                                              Telephone: 414-273-3939
                                              Fax: 414-273-3947

                                              ***Attorneys for Plaintiff RNT***