UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| RIGHTNOW TECHNOLOGIES INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 2:11-cv-00737-PJG |
| LODSYS, LLC, ) | |
| ) | |
| Defendant ) | |

---

**DEFENDANT LODSYS, LLC'S, MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) AND 12(b)(6) OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT UNDER FRCP 12(e)**

---

Defendant Lodsys, LLC ("Lodsys") hereby moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the First, Second, Fifth, and Sixth Claims for Relief against Lodsys in plaintiff, RightNow Technologies, Inc.'s ("RightNow"), Amended Complaint for Declaratory Judgment (the "Complaint") for lack of subject matter jurisdiction. Lodsys also hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint's Fifth through Eighth Claims for Relief against Lodsys for failure to state a claim upon which relief can be granted. In the alternative, Lodsys hereby moves for a more definite statement of RightNow's Fifth through Eighth Claims for Relief against Lodsys pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. As permitted by Rule 12(b), Lodsys files this motion in lieu of an answer and without waiving its right to answer the allegations in RightNow's Complaint and assert any applicable defenses, affirmative defenses, and counterclaims.

RightNow's First and Second Claims for Relief seek a declaration of non-infringement of U.S. Patent Nos. 5,999,908 (the "'908 patent") and 7,133,834 (the "'834 patent"), respectively.

Likewise, RightNow's Fifth and Sixth Claims for Relief seek a declaration of invalidity of the '908 patent and the '834 patent, respectively.  But those claims fail to present a case or controversy among the parties regarding the '908 patent and the '834 patent.  Therefore, those claims must be dismissed under Rule 12(b)(1) for lack of declaratory judgment subject matter jurisdiction.

In addition, RightNow's Fifth through Eighth Claims for Relief should be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief can be granted, given that although those claims allege that Lodsys' patents are invalid, RightNow has not alleged sufficient bases for those invalidity claims to meet Rule 8(a)'s notice pleading standard.  Alternatively, in the event the Court does not dismiss RightNow's Fifth through Eighth Claims for Relief, RightNow should be ordered, under Rule 12(e), to provide a more definite statement of the bases for those claims.

**I.     STATEMENT OF FACTS**

In its Complaint, RightNow seeks a declaratory judgment regarding four patents owned by Lodsys -- the '908 patent, the '834 patent, and U.S. Patent Nos. 7,222,078 (the "'078 patent") and 7,620,565 (the "'565 patent").  Compl. ¶1.  In particular, RightNow's First through Fourth Claims for Relief seek a declaratory judgment that "RightNow and/or its customers have not infringed and are not infringing" the '908 patent, the '834 patent, the '078 patent, and the '565 patent, respectively.  Compl. ¶¶20-35.  RightNow's Fifth through Eighth Claims for Relief seek a declaratory judgment of invalidity of the '908 patent, the '834 patent, the '078 patent, and the '565 patent, respectively.  Compl. ¶¶36-51.

In contending there is an actual controversy between the parties sufficient to furnish this Court with declaratory judgment subject matter jurisdiction, RightNow alleges that Lodsys alerted RightNow's customers that they are "infringing at least Claim 1 of [the '565 patent] and

Claim 1 of [the '078 patent]." Compl. ¶15. However, RightNow does not make any similar allegation regarding the '908 patent or the '834 patent. Likewise, although RightNow asserts conclusory allegations that all four patents are invalid, RightNow fails to allege any bases supporting its allegations of invalidity. Compl. ¶¶38, 42, 46, and 50.

## II. ARGUMENT

### A. The Court should dismiss RightNow's First, Second, Fifth, and Sixth Claims for Relief because RightNow fails to present the requisite case or controversy between the parties with respect to the '908 patent and the '834 patent.

For the Court to have subject matter jurisdiction to award declaratory relief, there must be "a case of actual controversy" among the parties. *See, e.g.*, 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 770-71 (2007). In particular, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. at 771 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 61 S. Ct. 510, 512 (1941)). A party seeking declaratory judgment bears the burden of showing there is an actual case or controversy adequate to support jurisdiction. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) ("The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since."); *see also Applera Corp. v. Michigan Diagnostics, LLC*, 594 F. Supp. 2d 150, 158 (D. Mass. 2009); *Furminator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579, 584-85 (E.D. Mo. 2007).

While RightNow's First, Second, Fifth, and Sixth Claims for Relief seek declaratory judgment regarding non-infringement and invalidity of the '908 and '834 patents, RightNow fails to show that an actual case or controversy between RightNow and Lodsys exists regarding those two patents. Compl. ¶¶20-27, 36-43. Instead, RightNow merely alleges the following:

> On or about March 22, 2011, [Lodsys] sent a letter to RightNow customer Bass Pro Online, Inc., ("Bass Pro") alleging that Bass Pro, "is infringing at least Claim 1 of [the '565 patent] and Claim 1 of [the '078 patent] as it relates to your product's provision of online help, customer, or technical support for online chat help and similar products." The March 22, 2011 letter also offered a license to Bass Pro under "the Lodsys patents," which was defined as including the '908, the '834, the '078 and the '565 patents.… [Lodsys] has provided Bass Pro with an "infringement claim chart" for Claim 1 of [the '078 patent] …. [And Lodsys] has written essentially the same letter and provided similar claims charts to other RightNow customers ….

Compl. ¶¶15-17. In other words, RightNow alleges that Lodsys sent notice letters and claim charts to RightNow customers describing that they are infringing the '565 patent and the '078 patent and providing an opportunity for those customers to license the '565 patent and the '078 patent, as well as the other two patents in the patent portfolio: the '908 patent and the '834 patent.

This situation is not sufficient to create an actual case or controversy between the parties regarding the '908 patent and the '834 patent. For example, in *Applera Corporation*, Applied Biosystems, the owner of sixty-two patents, sent letters to Michigan Diagnostics, in which Applied Biosystems (1) advised of its extensive patent portfolio; (2) listed the sixty-two patents; (3) urged Michigan Diagnostics to review those patents; (4) notified Michigan Diagnostics that it may be infringing Applied Biosystems' patents; and (5) suggested that the parties enter into licensing discussions. 594 F. Supp. 2d at 158-59. After the parties' further discussions regarding the patents, Applied Biosystems sued Michigan Diagnostics for infringement of seven of the sixty-two patents. *Id*. at 159-60. Michigan Diagnostics counterclaimed for declaratory judgment of non-infringement as to all sixty-two Applied Biosystems patents. *Id*. at 155. But since Applied Biosystems had not made any specific allegations of infringement beyond the seven patents upon which it sued, the Court dismissed Michigan Diagnostics' declaratory judgment counterclaim as to all but those seven patents. *Id*. at 160. The Court held that it was "far from clear" from the parties' interactions "that any dispute actually exists as to the fifty-five patents

[and that a]s to them it may be fairly said that Michigan Diagnostics is essentially seeking an advisory opinion." *Id.*; *see also Furminator, Inc.*, 246 F.R.D. at 589-90 (dismissing declaratory judgment counterclaims as to plaintiff's patents that plaintiff had not explicitly indicated defendant was infringing); *Research Elecs. & Devices Co. v. Neptune Meter Co.*, 156 F. Supp. 484, 485 (S.D.N.Y. 1957) ("The law is sufficiently clear that the mere act of calling a competitor's attention to his alleged infringement of a specific patent does not by itself call into contest the infringement of other patents, and as to these other patents no justiciable controversy exists.").

Accordingly, RightNow fails to meet its burden of showing a sufficient case or controversy for declaratory relief jurisdiction regarding the '908 patent and the '834 patent. RightNow's First, Second, Fifth, and Sixth Claims for Relief regarding those patents should therefore be dismissed under Rule 12(b)(1).

    **B.**    **The Court should dismiss RightNow's Fifth through Eighth Claims for Relief because RightNow fails to allege any bases for its claims that Lodsys' patents are invalid, and RightNow therefore fails to state a claim upon which relief can be granted.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action "for failure to state claim upon which relief can be granted." A cause of action fails to state a claim upon which relief can be granted if it fails to comply with the requirements of Rule 8(a). *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("naked assertion[s] devoid of further factual enhancement is insufficient to withstand a motion to dismiss").

In *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and footnote omitted), the Supreme Court addressed requirements of Rule 8(a) and the standards for granting a Rule 12(b)(6) motion and stated that:

- 5 -

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

"*Twombly* and *Iqbal* establish two new principles of pleading in all cases: (1) 'fair notice' alone will not suffice; a complaint must be 'plausible' as well; and (2) a court may not accept 'conclusory' allegations as true." *Riley v. Vilsack*, 665 F. Supp. 2d 994, 1002 (W.D. Wis. 2009) (Crabb, J.).

RightNow's Fifth through Eighth Claims for Relief seek a declaratory judgment that the '908 patent, the '834 patent, the '078 patent, and the '565 patent are invalid. Compl. ¶¶36-51. But for each patent, RightNow only makes the following conclusory allegation of invalidity:

> RightNow denies that RightNow and/or its customers infringe any valid enforceable claim of the [patent] and state that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103 and 112.

Compl. ¶¶38, 42, 46, and 50. Although Rule 8(a)'s pleading standard is not high, RightNow's bare allegations of invalidity -- without indicating the bases for the alleged invalidity of Lodsys' patents -- are not sufficient to satisfy Rule 8(a)'s standard. *See Genetic Technologies Ltd. v. Interleukin Genetics Inc.*, No. 10-cv-69-BBC, 2010 WL 3362344, at *1 (W.D. Wis. August 24, 2010) (Rule 8(a) standard not met by allegation that "[t]he claims believed to be at issue in this case are all invalid and/or unenforceable under one or more of 35 U.S.C. § 101, 102, 103 and 112"); *Boehringer Ingelheim Vetmedica, Inc. v. Merial, Ltd.*, Civ. No. 3:09CV212 (AWT), 2010 WL 174078, (D. Conn., January 14, 2010) (Rule 8(a) standard not met by allegation that "[t]he claims of the '882 Patent are invalid for failure to meet the conditions of patentability and/or

otherwise comply with one or more of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 102, 103, and 112").

Accordingly, RightNow's Fifth through Eighth Claims for Relief do not meet Rule 8(a)'s pleading standard and should be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

Alternatively, in the event this Court determines that RightNow's Fifth through Eighth Claims for Relief should not be dismissed,[1] Lodsys alternatively requests, under Rule 12(e), that the Court require RightNow to provide a more definite statement of the purported invalidity alleged in those Claims for Relief. Rule 12(e) provides that "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion is appropriate when the Complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (2d ed. 1990). RightNow's conclusory allegations of invalidity fail to provide proper notice of its claims, and Lodsys cannot be expected to effectively frame a responsive pleading to those allegations.

## III. CONCLUSION

For the reasons set forth above, Lodsys respectfully requests that the Court dismiss RightNow's First, Second, and Fifth through Eighth Claims for Relief against Lodsys. In the alternative, RightNow should be ordered to provide a more definite statement of its Fifth through Eighth claims for invalidity of Lodsys' patents.

---

[1] As discussed above, RightNow's Fifth and Sixth Claims for Relief should be dismissed under both Rule 12(b)(6) (for failing to state a claim upon which relief can be granted) and Rule 12(b)(1) (for the independent reason that declaratory judgment jurisdiction is lacking with respect to the '908 patent and the '834 patent).

Dated this 30th day of September, 2011.

    s/Aaron T. Olejniczak
Aaron T. Olejniczak (#1034997)
ANDRUS, SCEALES, STARKE & SAWALL, LLP
100 East Wisconsin Avenue, Suite 1100
Milwaukee, WI 53202
Telephone: 414-271-7590
Facsimile: 414-271-5770
E-mail: aarono@andruslaw.com

Michael A. Goldfarb
Chris Huck
Kit W. Roth
KELLEY, DONION, GILL, HUCK & GOLDFARB, PLLC
701 Fifth Avenue, Suite 6800
Seattle, WA 98104
Telephone: 206-452-0260
Facsimile: 206-397-3062
E-mail: goldfarb@kdg-law.com
E-mail: huck@kdg-law.com
E-mail: roth@kdg-law.com

Attorneys for Defendant Lodsys, LLC