IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RIGHT NOW TECHNOLOGIES, INC.,

    Plaintiff,

v.                            Case No. 2:11-CV-00737-PJG

LODSYS, LLC,

    Defendant.

**PLAINTIFF'S OPPOSITION TO DEFENDANT LODSYS, LLC'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT OR IN THE ALTERNATIVE FOR LEAVE TO AMEND**

    COMES NOW Plaintiff RightNow Technologies, Inc. ("RightNow"), and respectfully submits this Opposition to Defendant's Motion to Dismiss or for a More Definite Statement ("Motion to Dismiss"). Defendant seeks dismissal of the First, Second, Fifth, and Sixth claims for relief in RightNow's Amended Complaint, alleging that this Court lacks subject matter jurisdiction to decide these claims. In addition, Defendant seeks dismissal of Counts Five through Eight of Plaintiff's Amended Complaint, maintaining that RightNow has failed to state a claim upon which relief can be granted. However, as Lodsys has asserted infringement against RightNow's customer BassPro, a real and substantial dispute supporting subject matter jurisdiction exists here. Moreover, it is equally plain that RightNow's claims satisfy the "short plain statement" required by Rule 8. Lodsys' attempt to suggest that more is required is without legal support. As a result, Plaintiff's Motion to Dismiss should be denied in its entirety. However, to put this issue to rest, RightNow files concurrently herewith its Motion for Leave to Amend its Complaint. Pursuant to Civil L. R. 15(b) RightNow attaches to its Motion for Leave

to Amend a copy of its Second Amended Complaint, providing far more detailed factual allegations than required by the Federal Rules of Civil Procedure or any decision of any court. Lodsys' motion to dismiss is therefore moot.

## INTRODUCTION

RightNow's Amended Complaint pleads and attaches as exhibits the grounds on which it rests its right to Declaratory Judgment. Lodsys has explicitly asserted against RightNow's customer BassPro alleged infringement of U.S. Patent Nos. 5,999,908 ("the '908 patent"), 7,133,834 ("the '834 patent"), 7,222,078 ("the '078 patent") and 7,620,565 ("the '565 patent")(collectively the "Lodsys patents"). By asserting that BassPro infringes these four patents, Lodsys has plainly presented RightNow with the prospect of indemnification obligations and potential indirect/contributory infringement liability. Lodsys' express infringement notice puts RightNow in the position of either pursuing behavior Lodsys alleges is illegal, or abandoning that which it has a right to do under 28 U.S.C. § 2201, thus Article III jurisdiction is present here.

Similarly, RightNow's Amended Complaint—including its Fifth through Eighth Claims for Relief— more than adequately provides a short plain statement of the claims alleged, thereby giving Lodsys fair notice of the grounds upon which Right Now's invalidity claims rest. These claims satisfy the notice pleading standard that remains the test in this circuit. As such, Lodsys fails to meet the high burden requisite under Rule 12(b)(6); its motion in this regard should be denied as well.

As described, consistent with authority from numerous courts RightNow's Amended Complaint sufficiently pleads RightNow's claims seeking declarations of noninfringement and invalidity of the Lodsys patents. Nevertheless, to move this matter forward RightNow's Second

Amended Complaint, filed concurrently herewith, moots Lodsys' motion to dismiss and resolves this issue.

## ARGUMENT AND AUTHORITIES

### I. Legal Standards

#### A. Subject Matter Jurisdiction Under the Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. § 2201, enables litigants to seek a declaration of their rights, and grants district courts an additional procedural tool on which to base relief. The Act, however, does not independently confer federal jurisdiction; therefore subject matter jurisdiction must be independently established. *See, Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). To this end Section 2201 incorporates the general Article III requirement of an actual "case or controversy" between the parties. *See, Nationwide*, 52 F.3d at 692; *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 879 (Fed. Cir. 1983).

As recently articulated by the Supreme Court, no bright-line test exists for determining whether a "case or controversy" exists. *See, MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Instead, in *MedImmune* the Court found that the dispute must be one that is "definite and concrete, touching the legal relations of parties having adverse legal interests," and that it be "real and substantial"—in other words susceptible to "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be under a hypothetical state of facts." *Id*. Stated differently, under "all the circumstance[s]" there must be a "substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*.; *see also SanDisk Corp. v. STMicroelectronic, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007)(holding that "where a patentee asserts rights under a patent . . . and where the party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise").

### B. Federal Rule 8 Notice Pleading

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure "a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief . . . to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Ross v. Estate of Bernard Marden*, 2011 WL 1113374, *1 (E.D. Wis. Mar. 24, 2011)(Clevert, C.J.)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Indeed, "[a]s a general rule, notice pleading remains the standard" within the seventh circuit. *Id.*; *see also, Bausch v. Striker Corp.* 630 F.3d 546, 559 (7th Cir. 2010). A complaint thus "does not need detailed factual allegations," and a plaintiff need only "raise a right to relief above the speculative level." *Ross v. Estate of Bernard Marden*, 2011 WL 1113374, *1 (Mar. 24, 2011)(Clevert, C.J.)(quoting *Twombly*, 550 U.S. at 570).

"Pursuant to Rule 8, pleading is meant to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Bausch*, 630 F.3d at 559. As such, the court must "give the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Id*. To satisfy fair notice a complaint "need not spell out every element of a legal theory." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999) (reversing district court's dismissal pursuant to Rule 12(b)(6)). Indeed, as this Court has noted, even "[c]onclusions or vague language are acceptable so long as a defendant can understand the claim." *Robinson v. City of Kenosha*, 2007 WL 2417380, *1 (E.D. Wis., Aug. 24, 2007).

Therefore, "[t]he essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of her facts are accurate, she has no legal claim." *Patterson v. Homecomings Fin. LLC*, 425 B.R. 499, 502 (E.D. Wis. 2010)(Clevert, C.J.)(denying 12(b)(6) motion to dismiss). Dismissal pursuant to Rule 12(b)(6) is thus warranted only "if the

SLC-6471845-1
4
Case 2:11-cv-00737-CNC   Filed 11/21/11   Page 4 of 16   Document 14

plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Robinson*, 2007 WL 2417380, at *1 (citing *Scott v. City of Chicago*, 195 F.3d at 951).

Finally, it bears note that Rule 8's objective "is to decide cases fairly on the merits" rather than by "debtat[ing] the finer points of pleading where opponents have fair notice of the claim or defense." *Bausch*, 630 F.3d at 562 (quoting Fed. R. Civ. P. 8(e) for the proposition that "[p]leadings must be construed so as to do justice"). As a result, "[g]enerally, if a district court dismisses for failure to state a claim, the court should" provide an "opportunity to try to cure the problem," even where the court is "skeptical about the prospects for success." *Id*.

II. **Lodsys' Prior Allegation that BassPro Online—a Customer of RightNow—Purportedly Infringes the "Lodsys Patents," and Lodsys' Additional Threat to Potentially Seek Damages from BassPro Together Created A Justiciable Case or Controversy Warranting Subject Matter Jurisdiction.**

There is no question as to the existence of a case and controversy here. Lodsys writes, "...this letter constitutes our notice that BassPro Online LLC is infringing at least claim 1 of US 7,620,565 and claim 1 of US 7,222,078..." *See,* Amended Complaint, Dkt. 4, at Ex. E, p. 3.

RightNow is entitled to Declaratory Judgment here. The Federal Circuit has very recently held that where, as here, "a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment," the supplier has standing to commence a declaratory judgment action if either: "(a) the supplier is obligated to indemnify its customers from infringement liability, **or** (b) there is controversy between the patentee and the supplier as to supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers." *Arris Group, Inc. v. British Telecomm. PLC*, 639 F.3d 1368, 1375 (Fed. Cir. 2011)(emphasis added); *ABB Inc. v. Copper Indus., LLC*, 635 F.3d 1345, 1348-50 (Fed. Cir. 2001)(finding Article III case or controversy where licensee "had an interest in determining whether it would be liable for indemnification, which turned on whether [the third

party] would be liable for infringement"). Here, RightNow has standing under both *Arris* grounds.

In *Arris Group* the district court dismissed for lack of subject matter jurisdiction a declaratory judgment action stemming from allegations that one of Arris' customers had allegedly infringed the patents-in-suit by using equipment purchased from Arris to implement services on the customer's network. *See Id.*, 639 F.3d at 1371. The district court found that the patentee's "actions [were] directed [solely] toward . . . Arris' customer, rather than Arris itself," thereby "not constitut[ing] a real and immediate injury for Article III jurisdiction." *Id*. at 1373.

The Federal Circuit, however (citing to *MedImmune*) identified that "[u]nder the Court's new standard an Article III case or controversy exists when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. Notably, the court reasoned that "[w]hen the holder of a patent with system claims accuses a customer of direct infringement based on the customer's making, using, or selling of an allegedly infringing system in which a supplier's product functions as a material component, there may be an *implicit assertion that the supplier has indirectly infringed the patent*." *Id*. at 1375 (emphasis added). As such, the court concluded that "an actual controversy [existed] between Arris and BT concerning Arris' liability for, at least, contributory infringement." *Id*.[1]

Here, it is plain that RightNow satisfies both branches of the test articulated in *Arris Group*. First, as stated in RightNow's Amended Complaint, under its Software License and Services Agreement with its customers RightNow is obligated to indemnify BassPro for the very infringement allegations Lodsys presently lodges against BassPro. *See,* Dkt. 4, p. 4 and Ex. G, at

---

[1] Having found that an actual controversy existed as to the second (b) factor above, the court declined to reach the indemnification issue. *Id*. at 1375.

p. 2-3.  Secondly, Lodsys' attempt to assert its "Lodsys Patents" against RightNow's customer BassPro, creates a controversy between Lodsys and RightNow "for induced or contributory infringement based on the alleged acts of direct infringement" claimed against BassPro.  *Arris Group*, 639 F.3d at 1375.  Here, as in *Arris Group*, the patents Lodsys asserts against BassPro contain systems claims. *See, Arris Group*, 639 F.3d at 1375.  Lodsys' claim of infringement against BassPro thus necessarily gives rise to, as the Federal Circuit noted, "an implicit assertion that [RightNow] has indirectly infringed the patent." *Id*.  As a result, Lodsys' allegations of infringement here plainly create a case or controversy between the parties.

Nor does *Applera Corporation* assist Lodsys.  There—as Lodsys' rightly concedes—Michigan Diagnostics sought a declaration of non-infringement as to <u>sixty-two</u> Applied Biosystems patents, even though Applied Biosystems only alleged infringement of seven of these sixty-two.  *See, Applera Corp. v. Michigan Diagnostics, LLC*, 594 F. Supp. 2d 150, 155 (D. Mass. 2009).  In finding that no definite and concrete dispute existed between the parties, the court specifically noted that Applied Biosystems "did not make any specific allegations of infringement" other than as to the seven specific patents. *Id*. at 160.  As a result, the court held that there was no definite and concrete dispute "except [as to] the seven patents as to which Applied Biosystems alleges infringement." *Id*.

By contrast, here RightNow seeks judgment only on patents Lodsys alleges are infringed.  The Court need look no further than Lodsys' own correspondence to BassPro to see that Lodsys alleges infringement of four patents; not only the '565 and '078 Patents, but also the '908 and '834 Patents.  *See,* Amended Complaint, Dkt. 4, at Ex. E, p. 2.  Lodsys' demand letter is entitled: "<u>Infringement of U.S. Patent Nos. 5,999,908, 7,133,834, 7,222,078, and 7,620,565</u>." *See Id*. at Ex. E, p. 2.  There, Lodsys alleges infringement as to all four patents, collectively referencing the same as the "Lodsys Patents." *Id*.  The correspondence goes on to provide notice that "Lodsys

LLC reserves its rights with regard to the '908, '834, '078, and '565 patents, including . . . the right to seek damages anytime within the last six years that your company started to make use of Lodsys' patented technology." *Id*. at p. 4. Thus Lodsys' claim that no case or controversy exists here as to these patents is belied by its own correspondence. There can be no question that RightNow seeks declaratory relief as to patents alleged to be infringed by its customer, unlike the wholly unrelated patents at issue in *Applera Corp.* As a discrete and specific controversy exists here between RightNow and Lodsys, subject matter jurisdiction is present. Lodsys' Motion to Dismiss should therefore be denied.

Moreover, even if RightNow did not meet both the *Arris Group* tests, RightNow would still be entitled to bring this action based only on Lodsys' history of litigation. *See, e.g., Crimline, Inc. v. Crafco, Inc.*, No. 07-3997 (RHK/BSM), 2007 WL4591957, *4 (D. Minn. Dec. 28, 2007)("related litigation involving the same technology . . . weighs heavily in favor of the existence of subject-matter jurisdiction")(quoting *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1344-45 (Fed. Cir. 2007)). Simply stated, Lodsys seeks dismissal here so that it can add RightNow and its customers to the ever-growing list of defendants Lodsys has sued in the Eastern District of Texas. *See, e.g., Lodsys, LLC v. Brother Int. Corp., et al.*, 2:11-cv-00090-DF (E.D. Tex. Feb. 11, 2011)(alleging infringement against twelve defendants); *Lodsys v. Combay, et al.*, 2:11-cv-000272-DF (E.D. Tex. May 31, 2011)(eleven individual defendants); *Lodsys v. Adidas America, Inc. et al.*, 2:11-cv-000283-DF (E.D. Tex. June 10, 2011)(twelve unrelated defendants); *Lodsys v. DriveTime Auto. Group, Inc., et al.*, 2:11-cv-000309-DF (E.D. Tex. July 5, 2011)(infringement allegations against six individual defendants).

Finally, any suggestion by Lodsys and its counsel that subject matter in this venue is inappropriate or inconvenient is entirely belied by Lodsys' own stipulated motion to transfer yet another declaratory judgment action involving the Lodsys patents to this district, from the

Northern District of Illinois. *See Liveperson, Inc. v. Lodsys, LLC*, 1:11-cv-04088 (N.D. Ill. Oct. 24, 2011), at Dkt. 38. By Order of the Northern District of Illinois, the *Liveperson* litigation was transferred to the Eastern District of Wisconsin, *see* Dkt. 41, joining yet another declaratory judgment action pending in this district involving these very Lodsys patents. *See Wolfram Alpa LLC et al., v. Lodsys LLC*, 2:11-cv-00750-LA (E.D. Wis. Aug. 9, 2011). There can be no question that subject matter jurisdiction is proper here.

### III. The Court Should Exercise Its Discretion to Deny Lodsys' Motion to Dismiss This Action

This court should exercise its discretion to deny Lodsys' motion to dismiss this declaratory judgment action at this point in the proceedings. The Federal Circuit's decision in *Capo* reversing one district court's discretionary dismissal of a declaratory judgment action as an abuse of the court's discretion is germane, stressing the obligation of the district court to hear declaratory judgment actions involving patents:

> There must be a sound basis for refusing to adjudicate an actual controversy, for the policy of the Act is to enable resolution of active disputes. "When there is an actual controversy and a declaratory judgment would settle the legal relations in the dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal."

*Capo*, *Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, at 1357-58 (Fed. Cir. 2004)(quoting *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993); *see also Arris Group*, 639 F.3d at 1379 (reversing and remanding district court's dismissal of case for lack of subject matter jurisdiction).

Similarly, judicial review of this declaratory judgment action would further the policies underling the Declaratory Judgment Act. As noted by one treatise:

> The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and

SLC-6471845-1  9
Case 2:11-cv-00737-CNC   Filed 11/21/11   Page 9 of 16   Document 14

settling the legal relations in issue, and (2) when it will terminate and offer relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

*See* Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE Civil 3d §2759 (quoting Borchard, Declaratory Judgments, 2d ed. 1941, at 299).

Both of these criteria are met here. Lodsys has threated customers of RightNow, claiming that the customers are infringing Lodsys patents by using software supplied by RightNow. If the Court finds the patents are invalid, or not infringed, this will clarify and settle the legal relations between Lodsys and RightNow, and between RightNow and its customers. A resolution of the dispute will end the current uncertainty, insecurity and controversy over the use of the RightNow software. RightNow should not have to endure further uncertainty while instead waiting for Lodsys to file suit on its schedule.

IV. **Lodsys Similarly Fails to Meet the High Burden that Rule 12(b)(6) Imposes, As the Fifth through Eighth Claims for Relief in RightNow's Amended Complaint Provide All That is Required Under the Notice Pleading Standard: Fair Notice**

Lodsys fails to submit a single reported decision or precedent, either from this Court or the Seventh Circuit, endorsing the elevated pleading standard it seems to suggest applies here. Rather, Lodsys attempts to assert that *Twombley* and *Iqbal* have heighted the pleading standard applicable to this case, notwithstanding the fact that Rule 9(b) does not apply here.[2] To this end Lodsys suggests that these cases "establish . . . new principles of pleading in all cases," *see* Doc. 10, at p. 6. Yet Lodsys fails to acknowledge that the seventh circuit has continued to emphasize that *Twombly* and *Iqbal* have not changed the fundamentals of pleading. *See, Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599 (7th Cir. 2009)("Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact"); *Brooks*, 578 F.3d 574, 581

---

[2] Lodsys' citation to *Genetic Technologies* is similarly inapposite. There, defendant sought declaratory judgment wherein it did not specify in its counterclaim what it meant by "unenforceability," thus likely implicating Rule 9(b)'s heighted pleading standard as applicable to inequitable conduct claims. *See, Genetic Tech. Ltd. v. Interleukin Genetics Inc.*, 2010 WL 3362344, *1 (Aug. 24, 2010). RightNow does not allege unenforceability or inequitable conduct, and *Genetic Tech.* is thus entirely inappropriate.

(7th Cir. 2009)(after *Iqbal*, adhering to view that Supreme Court's statement in *Erickson* "put to rest" any "doubt that *Twombley* had repudiated the general notice-pleading regime of Rule 8").

However, Lodsys' claim cannot be squared with the undeniable fact that notice pleading remains the standard within this circuit. *See Bausch*, 630 F.3d at 559-62 (reversing district court's grant of 12(b)(6) motion and finding it an abuse of discretion to deny leave to amend complaint). To the extent Lodsys cites *Riley v. Vilsack* as endorsing this elevated standard, that decision is not binding precedent on this Court, and more importantly is plainly at odds with numerous decisions of the seventh circuit concluding that notice pleading remains the standard within this circuit. As there can be no dispute here that RightNow has provided Lodsys with a short plain statement "raising a right to relief above a speculative level" as to its invalidity claims, this standard has undeniably been met here. *See Ross*, 2011 WL 1113374, *1.

Indeed, as in *Bausch* Lodsys faults RightNow's complaint for failing to "specify the precise" details alleging its claims of invalidity. *Bausch*, 630 F.3d at 560. However, the seventh circuit explicitly rejected such an argument in *Bausch*, concluding that "the absence of those details" did not "show[] a failure to comply with Rule 8 . . . or support a dismissal under Rule 12(b)(6)." *Id*.

No Federal Circuit case upholds a dismissal of a Declaratory Judgment action or defendant's counterclaim alleging non-infringement and/or invalidity of patent claims for failure to plea more than RightNow has alleged here. The proper place for stating the grounds on which such assertions are based is in non-infringement and invalidity contentions. To require more at this early stage has no basis in law.

Similarly here RightNow's Fifth through Eight Claims for Relief allege over thirty previous factual allegations regarding the parties and the Lodsys patents (¶¶36, 40, 44 and 48). In addition, each claim for relief avers that RightNow and/or its customers cannot infringe any

valid enforceable claim of the subject patent (¶¶ 38, 42, 46, and 50), and further state the statutory bases supporting such claims. (*Id*.) To require more "precise" detail at this early point in this proceeding would be contrary to Rule 8, as interpreted by the seventh circuit. *See Bausch*, 630 F.3d at 560. Moreover, as the *Bausch* court rightly noted, further discovery and investigation is necessary to determine the specific theories supporting invalidity. *See Id*. In sum, there is no reason for the Court to not similarly reject Lodsys' claim here, as it did in *Ross*, that the "statements underlying counts [five through eight] are" purportedly "formulaic and conclusory." *Ross v. Estate of Marden*, 2011 WL 1113374, *3 (E.D. Wis. Mar. 24, 2011).

Simply stated, Lodsys' claim that that RightNow's allegations fail to state a claim upon which relief can be granted similarly fail to recognize numerous decisions of this Court denying such claims. *See Patterson*, 425 B.R. 499, at 505-506; *see also Ross*, 2011 WL 1113374, at *2 (rejecting argument that "statements underlying count one are formulaic [and] conclusory" instead finding that "assertions provid[ed] clear notice of and state the legal basis for a claim" and thus dismissal of Rule 12(b)(6) motion was warranted); *Robinson*, 2007 WL 2417380, at *3.

RightNow's Amended Complaint meets the liberal notice pleading standard required under Rule 8 and this circuit, because it provides a short plain statement putting Lodsys on notice of the grounds upon which RightNow's invalidity claims rest. Further discovery and investigation is necessary to more fully develop the precise factual details supporting invalidity, and the seventh circuit has held that such details are not required to withstand a Motion to Dismiss brought pursuant to Rule 12(b)(6). *See Bausch*, 630 F.3d at 560. As such, Lodsys' motion should be denied in this regard as well.[3]

---

[3] To the extent the Court may find that Lodsys' allegations have any merit, RightNow maintains that leave to amend its Complaint is proper here. *See Bausch*, 630 F.3d at 562.

## V. Alternatively, RightNow Moves for Leave to Amend Its Amended Complaint— RightNow's Second Amended Complaint Moots Lodsys' Motion to Dismiss

Lodsys argues in essence that the declaratory judgment claims in RightNow's Amended Complaint do not satisfy the pleading requirements of *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 545 (2008), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). (Dkt. 10, at pp. 5-7). However, as more fully discussed above, Lodsys ignores the significant number of cases from around the country finding pleadings with the same level of specificity sufficient to meet the federal pleading requirements. *See, e.g., Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156 (C.D. Cal. 2010)(denying motion to dismiss declaratory judgment claims of non-infringement and invalidty); *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921 (N.D. Ill. 2010(denying motion to dismiss counterclaims and invalidity); *Elan Pharma Int'l Ltd. V. Lupin Ltd, et al*, No. 09-1008, 2010 U.S. Dist. LEXIS 32306 (D.N.J. Mar. 31, 2010); *Winstron Corp., et al. v. Phillip M. Adams & Assoc., LLC, et al.*, No. C-10-4458, 2011 U.S. Dist. LEXIS 46079 (N.D. Cal. Apr. 28, 2011)(denying motion to dismiss declaratory judgment claims of invalidity). Nor does Lodsys identify any reported decision or precedent, either from this Court or the Seventh Circuit, requiring the level of specificity it demands.

Although RightNow believes its Amended Complaint meets the federal pleading requirements, RightNow similarly does not want this issue to become a distraction. To the extent the Court believes that any of the originally pleaded claims do not comply with Rule 8 of the Federal Rules of Civil Procedure, RightNow seeks leaves of Court to amend, pursuant to Fed. R. Civ. P. 15(2) and Civil L.R. 15(b).

Accordingly, pursuant to Rule 15 of the Federal Rules of Civil Procedure and Civil L.R. 15(b), RightNow files contemporaneously herewith its Motion for Leave to Amend, and Second Amended Complaint attached thereto as Exhibit A. RightNow's Second Amended Complaint includes far more detail than has been required by any decision by any court to date. The level

SLC-6471845-1 13
Case 2:11-cv-00737-CNC   Filed 11/21/11   Page 13 of 16   Document 14

of specificity and factual detail provided in RightNow's Second Amended Complaint exceeds what any court has required, and Lodsys simply can no longer contend that it is unaware of any factual or legal bases for RightNow's claims. RightNow expects that Lodsys will respond with a similar level of detail when it answers RightNow's Second Amended Complaint. Regardless, RightNow's Second Amended Complaint moots Lodsys' motion to dismiss.

## CONCLUSION

WHEREFORE, Plaintiff RightNow Technologies, Inc. respectfully request that the Court exercise its discretion and deny Plaintiff's Motion to Dismiss, because the Court has subject matter jurisdiction over the present concrete dispute between the parties, and because RightNow's Amended Complaint has sufficiently pled those causes of action set forth therein. Alternatively, and to eliminate this unnecessary pleading war, to the extent the Court finds any aspects of Lodsys' motion well-taken, RigthNow respectfully requests leave of Court to file the attached Second Amended Answer to cure the alleged deficiencies.

Dated: November 21, 2011

    Respectfully Submitted,

By: *s/* Michael J. Hanrahan
Michael J. Hanrahan
mjhanrahan@foslaw.com
Fox, O'Neill & Shannon, S.C.
622 North Water Street, #500
Milwaukee, WI 53202
Telephone: 414-273-3939
Fax: 414-273-3947

William B. Kircher
bill.kircher@huschblackwell.com
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: 816-983-8160
Fax: 816-983-8080

Robert C. Haldiman
robert.haldiman@huschblackwell.com
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: 314-480-1500
Fax: 314-480-1505

***Attorneys for Plaintiff RightNow Technologies***

## CERTIFICATE OF SERVICE

      I hereby certify that on November 21, 2011, I electronically filed Plaintiff's Opposition to Defendant Lodsys, LLC's Motion to Dismiss or for a more Definite Statement or in the Alternative for Leave to Amend with the Clerk of Court using the ECF system which will send notification of such filing to all parties of record:

/s/ Michael J. Hanrahan

_____
Michael J. Hanrahan
State Bar No. 1019483
Attorney for Plaintiff
Fox, O'Neill & Shannon, S.C.
622 North Water Street, Suite 500
Milwaukee, WI 53202
Phone  414-273-3939
Fax      414-273-3947
mjhanrahan@foslaw.com